[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12678
Non-Argument Calendar

_____

D.C. Docket No. 1:05-cr-20916-WPD-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFONSO ALLEN,
a.k.a. Spoon,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 8, 2020)

Before WILLIAM PRYOR, Chief Judge, MARTIN and BRANCH, Circuit Judges.

PER CURIAM:

Alfonso Allen appeals the denial of his motion for a sentence reduction, under section 404(b) of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, following a remand from this Court. Allen argues that the district court on remand abused its discretion in denying his motion and that his case should be reassigned to another district judge. We affirm.

We review the denial of an eligible movant's request for a reduced sentence under the First Step Act for an abuse of discretion. *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous. *United States v. Khan*, 794 F.3d 1288, 1293 (11th Cir. 2015).

The district court did not abuse its discretion. Nothing in the First Step Act required the district court to reduce Allen's sentence, which President Obama commuted in 2016 from a term of life to a term of 360 months. The district court considered the remand order, Allen's motion, his supplemental memorandum, the record, and the presentence investigation report before denying the motion. Although the district court expressed disagreement with the government's characterization of its initial ruling on appeal and with the commutation of Allen's sentence, it made clear that it would comply with the remand order. The district court explained that Allen's sentence did not overstate his criminal history,

2

referred to a previous incident when Allen sold cannabis while carrying a gun, stated that Allen was convicted of possessing a firearm in this case to protect drugs and money in a stash house, and stated that Allen, a career offender, was responsible for approximately 27 kilograms of crack cocaine. The district court also considered the relevant sentencing factors, 18 U.S.C. § 3553(a), when it described Allen's family support and post-sentencing rehabilitation as mitigating factors and then weighed those factors against the need to promote respect for the law and for deterrence in determining that a reduction was not warranted. And because the district court did not abuse its discretion, Allen's request for reassignment on remand is moot.

**AFFIRMED**.